**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RODNEY ANDERSON, | : | Civil No. 1:22-CV-00226 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| K. KAUFFMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Before the court are Defendants' motions to dismiss this action.  (Docs. 16, 17.)  Also pending before the court are Plaintiff's motion for summary judgment, Doc. 37, and motion for appointment of counsel, Doc. 44.  Plaintiff Rodney Anderson ("Plaintiff") is an inmate currently housed at the State Correctional Institution in Huntingdon, Pennsylvania, ("SCI- Huntingdon") and is self-represented in this 42 U.S.C. § 1983 action.  Plaintiff's complaint is a shot-gun approach to litigation, bringing a wide variety of claims against multiple defendants for multiple, unrelated occurrences.  As such, the court finds that multiple claims are improperly joined in a single action.  Therefore, the court will only address the claims arising from the initial alleged incident.  These claims will be dismissed, and Defendants' motion will be granted.  Therefore, Plaintiff's motion for summary judgment will be denied as moot.  Additionally, Plaintiff's motion for appointment of counsel will be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a complaint on February 15, 2022 naming thirteen defendants: (1) K. Kauffman ("Kauffman"), the superintendent of SCI-Huntingdon until July 26, 2021; (2) J. Rivello ("Rivello"), the current superintendent of SCI-Huntingdon; (3) Ms. C. Neri ("Neri"), the department psychologist at SCI-Huntingdon; (4) Ms. Cousins ("Cousins"), the psychiatrist at SCI-Huntingdon; (5) Ms. Connie Green ("Green"), the grievance coordinator at SCI-Huntingdon; (6) Ms. Wakefield ("Wakefield"); (7) Mr. J. Wetzel ("Wetzel"), the Secretary of Corrections for the Pennsylvania Department of Corrections ("DOC"); (8) M. Murtha ("Murtha"), the librarian for the law library; (9) C. Hammon ("Hammon"), the librarian at the law library; (10) Ms. M. Yost ("Yost"), the unit manager at SCI-Huntingdon; (11) Ms. Hicks-Kern ("Hicks-Kern"), the employment officer; (12) Ms. Pattersons ("Pattersons"), the phone coordinator at SCI-Huntingdon; and (13) Mel, a nurse at the medical department.  (Doc. 1.)

Plaintiff raises claims against Defendants under the Americans with Disability Act ("ADA"), the Rehabilitation Act, the First Amendment, the Sixth Amendment, the Eighth Amendment, and the Fourteenth Amendment.  (*Id*.)  The complaint alleges facts from multiple separate incidents starting in March of 2020. These unrelated claims include factual scenarios surrounding his access to mental health treatment during the Covid-19 pandemic, lack of access to his peer support

2

specialist, the mishandling of grievances, prison conditions, access to the law library, the implementation of the Covid-19 precautions, work assignments, pay rates, confiscation of legal mail, inmate telephone authorization forms, and lack of medical treatment while placed in Covid-19 quarantine. (*Id*.)

The complaint was served on all thirteen defendants on March 14, 2022. (Docs, 9, 10.)  On May 12, 2022, twelve of the thirteen Defendants filed a motion to dismiss for failure to state a claim.  (Doc. 16).  On May 13, 2022, the remaining defendant, Defendant Cousins, filed a similar motion to dismiss.  (Doc. 17.)  These motions have been fully briefed and are now ripe for the court's consideration.

On October 3, 2022, Plaintiff filed a motion for summary judgment and brief in support.  (Docs. 37, 39.)  All Defendants filed a response to Plaintiff's motion. (Docs. 40, 42.)  Plaintiff filed a reply.  (Doc. 43.)  Therefore, this motion for summary judgment is ripe to be considered by the court.

On November 22, 2022, Plaintiff filed a motion for appointment of counsel. (Doc. 44.)  This motion is also ripe to be addressed by the court.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the

claims occurred at SCI-Huntingdon, located in Huntingdon County, Pennsylvania,

which is located within this district.  *See* 28 U.S.C. § 118(b).

### MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

*Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to

relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other

grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must

"accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d
103, 106 (3d Cir. 2002).

## DISCUSSION

Plaintiff's complaint raises multiple claims against multiple Defendants.
(Doc. 1, pp. 3–15.)[1]  However, several of these claims are unrelated to each other.
A plaintiff may not bring unrelated claims against unrelated parties in a single
action.  *See* Fed. R. Civ. P. 18(a); 20(a)(2).  A plaintiff may bring a claim against
multiple defendants so long as (1) the claims arise out of the same transaction or
occurrence, or series of transactions and occurrences; and (2) there are common
questions of law or fact.  *See* Fed. R. Civ. P. 20(a)(2).  Courts have broad
discretion in applying Fed. R. Civ. P. 20 to reduce inconvenience, delay, and added
expense to the parties and to the court, and to promote judicial economy. *Hagan v.
Rogers*, 570 F.3d 146, 153 (3d Cir. 2009).  However, the policy of liberal
application of Rule 20 is not a license to join unrelated claims and defendants in
one lawsuit. *See, e.g., Pruden v. SCI Camp Hill*, 252 Fed.Appx. 436 (3d Cir. 2007)
(nonprecedential).

Here, the court has reviewed the extensive number of claims brought against
the thirteen defendants and finds that several of these claims arise out of separate
incidents and are, therefore, improperly joined.  As such, the court will address the

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

initial incident raised in the complaint concerning Plaintiff's lack of access to mental health care during the Covid-19 pandemic, the lack of access to an inmate peer support specialty regarding the lack of mental health treatment, and the alleged mishandling of the grievances he filed concerning the lack of mental health treatment.  Plaintiff's claims regarding the lack of medical care while in Covid-19 quarantine stem from a quarantine in January of 2021 and appear unrelated to his claims that he did not receive mental health treatment during the initial months of the Covid-19 pandemic in 2020.  (Doc. 1, pp. 14–15).  As such, while the claim does address a lack of medical treatment, it is improperly joined to the initial occurrence alleged in the complaint.  Likewise, the remaining claims raised in Plaintiff's complaint are the result of separate occurrences and are deemed improperly joined.  They are dismissed without prejudice to such claims being raised in separate actions before this court.

### A. The Claims Raised In Reference to the Lack of Mental Health Treatment Will Be Dismissed.

Plaintiff brings claims against Defendants Kauffman, Neri, and Cousins for "stress, anxiety, depression, mental anguish, metal degeneration, emotional distress, mental health violations, deliberate indifference, mental cruel and unusual punishment, and an equal protection clause violations." (Doc. 1, p. 3.)  These amount to claims under the Eighth and Fourteenth Amendments.  Plaintiff also

raises claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (*Id*.)

The complaint alleges that Plaintiff filed grievance 880430 on July 20, 2020, because he had not been seen, treated, contacted, or evaluated by a psychologist since the March 20, 2020 lockdown following the beginning of the Covid-19 pandemic. (*Id*.) He alleges that he wrote to Defendant Cousins on June 20, 2020, who referred him to Defendant Neri, who referred him to Ms. T. Lallia, who then referred him back to Defendant Cousins. (*Id*.) He alleges that Defendants Kauffman, Neri, and Cousins knew that Plaintiff was "ordered/prescribed" to be seen by a psychologist and psychiatrist, knew that he had mental health issues, and knew he was prescribed medications. (*Id*.) Plaintiff alleges that grievance 880430 was denied because it involved two different departments: psychiatry and psychology. (*Id*.) Therefore, he later filed two separate grievances, one for the psychologist department and one for the psychiatry department. (*Id*.) Plaintiff alleges that these two grievances were combined into one grievance by Defendant Wakefield. (*Id*.) This combined grievance is identified as Grievance 882257. (*Id*.)

Construing the complaint liberally, Plaintiff attempts to bring a cruel and unusual punishment claim, a deliberate indifference claim, an equal protection

claim, an ADA claim, and a Rehabilitation Act claim against Defendants Neri, Cousins, and Kauffman.

The claims against Defendant Kaufman are all premised on his role as a supervisor. (*Id.*, p. 3.) "[An individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of [respondent] superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). Plaintiff alleges that Defendant Kauffman knew that the prison was short staffed for psychologists and psychiatrists and made no attempt to hire more staff members. (Doc. 1, p. 3.) However, this is not sufficient to rise to the level of actual knowledge of Eighth or Fourteenth Amendment violations because it is not alleged that Defendant Kaufman had actual knowledge that inmates were not receiving mental health treatment. Therefore, claims against Defendant Kauffman in association with these alleged facts will be dismissed without prejudice.

The court will now address the claims brought against Defendants Neri and Cousins.

## 1.  Cruel and Unusual Punishment Claim

Plaintiff brought a cruel and unusual punishment claim against Defendants Neri and Cousins.  (Doc. 1, p. 3.)  Defendant Neri failed to address this claim in the brief in support of the motion to dismiss.  (Doc. 18, pp. 9–10.)  Defendant Cousins also failed to address this claim in her brief in support of her motion to dismiss.  (Doc. 20.)  However, as Plaintiff is proceeding *in forma pauperis* in this complaint, the court has the authority to dismiss a claim at any time if the court determines that it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Here, Plaintiff has failed to state a cruel and unusual punishment claim for which relief can be granted.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's

10

necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).  Such a claim contains two requirements: an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prisoner asserting a claim that their conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45.

Plaintiff alleges that he went without mental health treatment for five months during the Covid-19 pandemic.  Plaintiff failed to allege how a lack of treatment during the pandemic deprived him of the minimal civilized measure of life's necessities.  He failed to meet both the objective and subjective requirements of this standard.  The court acknowledges that, incarcerated or not, individuals nationwide struggled to gain access to medical and mental health services during the initial months of the pandemic.  Plaintiff's complaint fails to plead facts regarding how this disruption in services rises to the level of cruel and unusual punishment.  Therefore, this claim will be dismissed.

### 2. Deliberate Indifference Claim

Both Defendants address the Eighth Amendment deliberate indifference claim in their briefing.  (Docs. 19, 20[2].)  The court finds that Plaintiff failed to bring a deliberate indifference claim against Defendants Neri and Cousins.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs.  *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted).  A prison official is deliberately indifferent when he or

---

[2] The court acknowledges that Defendant Cousins argued that all claims raised against her should be dismissed based on Plaintiff's failure to exhaust his administrative remedies.  (Doc. 20.) However, the affirmative defense of a failure to exhaust administrative remedies is properly raised in a motion for summary judgment under Rule 56 and not in a motion to dismiss under Rule 12 because it requires the court to consider documents outside those attached to the complaint and potentially resolve factual disputes.  *See Paladino v. Newsome*, 885 F.3d 203, 211 (3rd Cir. 2018).  Therefore, the court will not address the administrative exhaustion requirement at this time.

she "knows of and disregards an excessive risk to inmate health or safety."

*Farmer*, 511 U.S. at 837.

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

As discussed above, Plaintiff alleges that he failed to receive mental health treatment for five months during the COVID-19 pandemic.  Here, Plaintiff alleges that he "was ordered/prescribed to have been seen by Psychologist and Psychiatrist," "had mental health issues," and "that I was prescribed medication." (Doc. 1, p. 3.)  Therefore, under a very liberal interpretation of the complaint,

Plaintiff has alleged the objective showing that his medical needs were serious.
However, he failed to meet the subjective showing that defendants were
deliberately indifferent to those medical needs.  Plaintiff states that "I don't deal
with my mental health issues every 5 months or once a year, I deal with it every
single second of every day."  (*Id*.)  While Plaintiff allegedly had a chronic
condition, he was provided treatment.  He was evaluated by a Psychologist on July
28, 2020 and by a psychiatrist in August of 2020.  (*Id*.)  While his medical
evaluations may not have been as frequent as he would have liked, this court will
not "second guess the propriety or adequacy of a particular course of treatment.'"
*Byrd*, 2010 WL 5889519, at *4.  Therefore, these claims will be dismissed without
prejudice.

### 3.  Equal Protection Claim

Plaintiff attempts to bring an equal protection claim against Defendants Neri
and Cousins.  (Doc. 1, p. 3.)  Defendant Neri failed to address the equal protection
claim in her brief in opposition.  (Doc. 19, pp. 9–10.)  Defendant Cousins did
address this claim in her briefing.  (Doc. 20.)  As discussed above, the court will
address this claim against Defendant Neri pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii).

The Equal Protection Clause of the Fourteenth Amendment commands that
no State shall "deny to any person within its jurisdiction the equal protection of the

14

laws," which is essentially a direction that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, and (2) he was treated differently from similarly situated inmates. *See id*.

Here, Plaintiff alleges he was a member of a protected class as a disabled individual.  To state an equal protection claim on the basis of disability (which is not a suspect classification), a plaintiff must allege that he was treated differently from non-disabled individuals and that there was no rational basis for the difference in treatment. *City of Cleburne,* 473 U.S. at 446, (disability is not suspect classification under Equal Protection Clause).  Plaintiff has failed to allege that he was treated any differently from the non-disabled prisoners.  In fact, his allegations are that there were not enough mental health providers for all the inmates in the facility.  Therefore, he is arguing that he is being treated the same as other inmates in the facility.  As such, the equal protection claim will be dismissed without prejudice.

### 4.  ADA and Rehabilitation Act Claims

Plaintiff attempts to bring a claim against Defendants Neri and Cousins under the ADA and Rehabilitation Act.  (Doc. 1, p. 3.)  Defendant Neri failed to challenge the ADA claim in the DOC briefing.  (Doc. 19.)  Defendant Cousins did

address this claim in her briefing.  (Doc. 20.)  However, the court will address and

dismiss the claims against both Defendants in accord with 28 U.S.C. §

1915(e)(2)(B)(ii).

Individual defendants are not liable under the ADA or Rehabilitation Act.

*Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002).  Furthermore, "[t]o

establish a violation of Title II of the ADA, an inmate must allege that: (1) he is a

qualified individual with a disability; (2) he was either excluded from participation

in or denied the benefits of some public entity's services, programs, or activities;

and (3) such exclusion, denial of benefits, or discrimination was by reason of his

disability."  *Brown v. Deparlos*, 492 Fed.Appx. 211, 215 (3d Cir. 2012) *citing* 42

U.S.C. § 12132.  Plaintiff's complaint merely asserts that the lack of care was due

to an understaffed medical department and not by reason of his disability.

Therefore, these claims are also dismissed without prejudice.

## B. The Claims Raised In Reference to the Peer Support Specialist Will Be Dismissed.

Plaintiff alleges that he filed grievance 880428 on July 20, 2020 because he

had requested to speak to an inmate peer support specialist after not being treated

by a mental health professional.  (Doc. 1, p. 4.)  It appears that this grievance was

withheld in part and denied in part by a grievance officer who upheld the portion of

the grievance "relating to the inability to provide CPS services on CA unit at this

time.  However, I deny the portion of the grievance relating to deliberate

indifference and equal protection as we continue to provide mental health services on CA unit as permitted under the current Covid-19 guidelines." (Doc. 1-4, p. 2.) Defendant Kauffman then reviewed this determination on appeal stating that "I can only reiterate that I uphold the response provided by the grievance officer." (*Id*., p. 5.) Based on these facts, Plaintiff raises claims against Defendant Kauffman in his role as superintendent of the facility and reviewing the grievance. (Doc. 1, p. 4.)

However, Plaintiff has failed to allege sufficient personal involvement on the part of Defendant Kauffman. "Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." *Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *see also Brooks v. Beard*, No. 05-3196, 2006 WL 332547, 167 F. App'x 923, 925 (3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct). Therefore, any claim against Defendant Kaufman in relation to the facts alleged with grievance 880428 and the access to the peer support specialist will be dismissed without prejudice.

## C. All Claims Raised In Reference to the Alleged Mishandling of Grievances 880430 and 882257 Will Be Dismissed.

Plaintiff brings claims against Defendant Wakefield arising from her involvement with the above referenced grievances. (Doc. 1, p. 4.)  Initially, Plaintiff filed a single grievance, numbered 880430, alleging that he had not been treated by a psychologist or a psychiatrist since the March 2020 lockdown. (*Id*.) This grievance was denied because psychology and psychiatry were two separate departments.  (*Id*.)  Plaintiff alleges that he then filed two separate grievances: one against the psychology department; and one against the psychiatry department. (*Id*.)  Plaintiff then alleges that Defendant Wakefield "interjected" herself and combined these two grievances into a single grievance numbered 882257.  (*Id*.) He states that "I am suing Ms. Wakefield for obstruction and interference with my grievance process and filings, discrimination, deliberate indifference, and an equal protection clause violation."  (*Id*.)

"[P]risoners do not have a constitutional right to prison grievance procedures." *Travillion v. Leon*, 248 Fed.Appx. 353, 356 (3d Cir. 2007) *citing Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001).  "A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate." *Massey*, 259 F.3d at 647.  Furthermore, Plaintiff has failed to allege any injury from the alleged activity.  In reviewing the documents Plaintiff attached to the complaint, it appears that he continued to

pursue these claims despite them being combined into a single document.  (Doc. 1-3, p. 8.)  Therefore, the claims raised against Defendant Wakefield in regard to the combination of the grievances will be dismissed without prejudice.

### D. Plaintiff's Motions for Summary Judgment Will Be Dismissed As Moot.

Because Defendants' motions to dismiss will be granted, there is no operative complaint in this action.  As such, Plaintiff's motion for summary judgment will be denied as moot.

### E. Plaintiff's Motion for Appointment of Counsel Will Be Denied.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.  If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)     the plaintiff's ability to present his or her own case;

(2)     the complexity of the legal issues;

(3)     the degree to which factual investigation will be necessary
        and the ability of the plaintiff to pursue such investigation;

(4)     the plaintiff's ability to retain counsel on his or her own
        behalf;

(5)     the extent to which a case is likely to turn on credibility
        determinations, and;

(6)     whether the case will require the testimony of expert
        witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single

factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)

(citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these

factors serve as guideposts for the district courts to ensure that the precious

commodity of volunteer attorney time is not "wasted on frivolous cases."  *Id.*

Plaintiff has not made a threshold showing for the appointment of counsel in

this civil action.  All the claims raised in his complaint have been dismissed

without prejudice.  Thus, appointment of counsel is not warranted at this time.  If

Plaintiff files an amended complaint and future proceedings demonstrate the need

for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a

properly filed motion.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss will be granted,

Plaintiff's motion for summary judgment will be denied as moot, and Plaintiff's

appointment of counsel will be denied without prejudice.  All the claims not

addressed on their merits will be dismissed without prejudice to Plaintiff filing

separate claims for each separate transaction or occurrence.  Plaintiff will be

granted an opportunity to amend his complaint as a matter of course as discussed

in *Phillips*, but only in regards to the claims raised surrounding the lack of mental

health treatment during the Covid-19 pandemic in 2020.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 7, 2023