## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY ANDERSON,       :    Civil No. 1:22-CV-00226
                             :

      Plaintiff,         :
                             :

      v.              :
                             :

K. KAUFFMAN, *et al.*,     :
                             :

      Defendants.     :    Judge Jennifer P. Wilson

## MEMORANDUM

Before the court are Defendant Cousins' motion to dismiss Plaintiff's amended complaint, Doc. 54, Plaintiff's motions to appoint counsel, Docs. 56, 61, Plaintiff's motion for discovery, Doc. 62, Plaintiff's motion for leave to serve the Defendants with interrogatories, Doc. 63, and Defendant Cousins' motion to stay discovery, Doc. 64. For the reasons discussed below, the court will grant Defendant Cousins' motion to dismiss, deny Plaintiff's motions for appointment of counsel, and deem all the remaining motions withdrawn because they are not supported by a brief in support as required by the Local Rules.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on February 15, 2022, naming thirteen defendants: (1) K. Kauffman ("Kauffman"), the superintendent of SCI-Huntingdon until July 26, 2021; (2) J. Rivello, the current superintendent of SCI-Huntingdon; (3) Ms. C. Neri ("Neri"), the department psychologist at SCI-

1

Huntingdon; (4) Ms. Cousins ("Cousins"), the psychiatrist at SCI-Huntingdon; (5) Ms. Connie Green, the grievance coordinator at SCI-Huntingdon; (6) Ms. Wakefield; (7) Mr. J. Wetzel, the Secretary of Corrections for the Pennsylvania Department of Corrections; (8) M. Murtha, the librarian for the law library; (9) C. Hammon, the librarian at the law library; (10) Ms. M. Yost, the unit manager at SCI-Huntingdon; (11) Ms. Hicks-Kern, the employment officer; (12) Ms. Pattersons, the phone coordinator at SCI-Huntingdon; and (13) Mel, a nurse at the medical department.  (Doc. 1.)

Plaintiff raised claims against Defendants under the Americans with Disability Act ("ADA"), the Rehabilitation Act, the First Amendment, the Sixth Amendment, the Eighth Amendment, and the Fourteenth Amendment.  (*Id*.)  On February 7, 2023, this court entered an order granting Defendants' motions to dismiss.  (Doc. 46.)  Specifically, all claims against Defendant Cousins were dismissed without prejudice, and Plaintiff was granted leave to file an amended complaint.  (*Id*.)

On March 29, 2023, the court received Plaintiff's amended complaint.  (Doc. 54.)  The amended complaint, like the original complaint, brought cruel and unusual punishment and deliberate indifference claims under the Eighth Amendment, due process claims under the Fourteenth Amendment, and

Rehabilitation Act claims and ADA claims, but only against Defendants Cousins, Neri, and Kauffman.  (*Id*.)

On March 29, 2023, Defendant Cousins filed a motion to dismiss the claims against her in the amended complaint under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 54.)  She filed a brief in support of her motion on April 11, 2023.  (Doc. 58.)  The court received Plaintiff's memorandum of law, which the court construed as a brief in opposition, on May 2, 2023.  (Doc. 59.)  In the interim, Plaintiff has filed two motions to appoint counsel, Docs. 56, 61, a motion for discovery, Doc. 62, and a motion for leave to serve the Defendants with interrogatories, Doc. 63.  Defendant Cousins has also filed a motion to stay discovery.  (Doc. 64.)  All the pending motions are ripe, and will be addressed by the court in turn.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Huntingdon, located in Huntingdon County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings,*

*Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts

contained in the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents"

attached to a defendant's motion to dismiss if the plaintiff's claims are based upon

these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196

(3d Cir. 1993)).

     The pleadings of self-represented plaintiffs are to be liberally construed and

held to a less stringent standard than formal pleadings drafted by attorneys.  *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193

(3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be

granted leave to file a curative amended complaint even when a plaintiff does not

seek leave to amend, unless such an amendment would be inequitable or futile.

*See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir.

2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which

affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d

103, 106 (3d Cir. 2002).

DISCUSSION

A. **Claims Raised Against Defendant Cousins in the Amended Complaint Will Be Dismissed.**

As detailed here, Plaintiff's amended complaint failed to cure the defects of his original complaint as to his claims against Defendant Cousins.

1. **Cruel and Unusual Punishment Claim**

Plaintiff brought a cruel and unusual punishment claim against Defendant Cousins.  (Doc. 47, pp. 2–3.)[1]  However, Plaintiff has failed to state a cruel and unusual punishment claim for which relief can be granted.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).  Such a claim contains two requirements: an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45.

Plaintiff alleges that he went without mental health treatment for ninety days during the Covid-19 pandemic.  Plaintiff failed to allege how a lack of treatment during the pandemic deprived him of the minimal civilized measure of life's necessities.  He failed to meet both the objective and subjective requirements of this standard.  As the court has previously acknowledged, "incarcerated or not, individuals nationwide struggled to gain access to medical and mental health services during the initial months of the pandemic."  (Doc. 45, p. 11.)  Plaintiff's amended complaint fails to plead facts regarding how this disruption in services

rose to the level of cruel and unusual punishment.  Therefore, this claim will be dismissed.

### 2.  Deliberate Indifference Claim

Plaintiff raised the deliberate indifference claim again in his amended complaint, but failed to cure the defect identified in his original complaint— namely, a mere disagreement with treatment does not rise to the level of deliberate indifference.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs.  *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted).  A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)). Mere disagreement over proper treatment does not state a claim upon which relief can be granted. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

As stated above, Plaintiff alleges that he failed to receive mental health treatment for ninety days during the COVID-19 pandemic. More specifically, Plaintiff alleges that he first contacted Defendant Cousins for mental health assistance on June 2, 2020. (Doc. 47, p. 3.) He further alleges that Defendant Cousins responded with "I have reviewed your request and your chart. You can address those issues with your assigned psychologist Ms. Neri, who has been assigned to you for at least the last three years." (*Id.*) Plaintiff alleges that he did

contact Ms. Neri, but Ms. Neri told him to contact T. Lalli.  (*Id*.)  He then alleges

that T. Lalli told him to contact Defendant Cousins.  (*Id*.)  He alleges this resulted

in ninety days without assistance, but in the next sentence states "[h]e was finally

seen by T. Lalli on 7-24-20."  (*Id*.)  In the next sentence, Plaintiff alleges that he

was seen by Defendant Cousins at the end of August, 2020.  (*Id*.)  Therefore, by

his own admission, Plaintiff did not wait ninety days to receive treatment.

While Plaintiff alleges that he had a chronic condition, he also alleges that

he was provided treatment.  He was seen by T. Lalli on July 24, 2020 and by

Defendant Cousins in August of 2020.  (*Id*.)  While his medical evaluations may

not have been as frequent as he would have liked, this court will not "second guess

the propriety or adequacy of a particular course of treatment.'"  *Byrd*, 2010 WL

5889519, at \*4.  Therefore, this claim will be dismissed.

### 3.  ADA and Rehabilitation Act Claims

Plaintiff attempts to bring a claim against Defendant Cousins under the ADA

and Rehabilitation Act.  (Doc. 47, pp. 4–5.)  First, the court will address Plaintiff's

claim under Title II of the ADA.  The court acknowledges that the Third Circuit

has not directly answered the question of whether there can be individual liability

under Title II of the ADA.  *See Brown v. Deparlos*, 492 F. App'x 211, 215 n.2 (3d

Cir. 2012) (nonprecedential) ("This Court has yet to address individual liability

under Title II of the ADA[.]").  However, nearly all of the Third Circuit's decisions

regarding personal liability under the ADA's various titles point toward the absence of individual liability. *See Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) (nonprecedential) (finding that plaintiff's claims "for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); *see also Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 299 & n.27 (3d Cir. 2017) (holding that Title VII and ADA claims cannot be brought through a "back door to the federal courthouse" via 42 U.S.C. § 1983, and noting that Title VII and ADA claims are intended to impose liability on employers, not individuals); *Fasano v. Fed. Reserve Bank of N.Y.*, 457 F.3d 274, 289 (3d Cir. 2006) (noting in dicta that "neither the ADA nor 12 U.S.C. § 1831j permit individual damages liability on the part of employees"); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (noting in dicta that "there appears to be no individual liability for damages under Title I of the ADA"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (finding that individual defendants did not own, lease, or operate Thiel College and thus were "not subject to individual liability under Title III of the ADA"); *N'Jai v. Floyd*, 386 F. App'x 141, 144 (3d Cir. 2010) (nonprecedential) (noting individual defendant could not be held liable under ADA); *Wardlaw v. Phila. Street's Dep't*, 378 F. App'x 222, 225 (3d Cir. 2010) (nonprecedential) (explaining that plaintiff's ADA claims "were not actionable against the individual defendants"). Additionally, other circuit courts of

appeals have directly addressed the issue and found no individual liability under Title II of the ADA.  *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (*en banc*).  Therefore, the court will follow the indications provided by the Third Circuit and the non-binding precedent from other Circuits, and find that there is no individual liability Title II of the ADA.  Therefore, the claim will be dismissed.

Second, the Third Circuit has made a clear finding that individual defendants are not liable under the Rehabilitation Act.  *Emerson*, 296 F.3d at 189  Therefore, thee claim will be dismissed

### 4.  Equal Protection Claim

Plaintiff attempts to bring an equal protection claim against Defendant Cousins.  (Doc. 47, p. 5.)  The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, and (2) he was treated differently from similarly situated inmates. *See id*.

Plaintiff fails to allege that he is the member of a protected class.  The entire equal protection claim is three sentences:

> The mental health services were provided to the MHU, RTU, and SNU housed inmates on CB unit or the CB block (during the pandemic lockdown) for all the mental inmates on that block.  The plaintiff was housed on CA unit or CA block and was not provided the service until after 8-24-20.  A[n] alternative service or the service was provided to those inmates but denied to the plaintiff.

(*Id.*)  As such, the equal protection claim will be dismissed.

### 5.  Due Process Claim

Plaintiff also attempts to bring a due process claim.  (Doc. 47, p. 5.)  The Fourteenth Amendment provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property, without due process of law[.]"  *See* U.S. Const. amend. XIV.  A Fourteenth Amendment due process claim requires that a liberty interest be at stake:

> Procedural due process rights are [only] triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*" Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more restrictive than those imposed upon other inmates in solitary confinement. *See id*. at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013).

However, Plaintiff's complaint addresses a deliberate indifference claim under the title of a due process challenge.  (Doc. 47, p. 5.)  Plaintiff's deliberate indifference claim will not succeed for the same reason the deliberate indifference claim will not succeed.  *See supra*.  As such, this claim is duplicative and will be dismissed.

### 6.  No Opportunity to Amend

As discussed above, *pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  Considering that Plaintiff has already been provided the opportunity to amend and he has failed to cure the defects in his pleadings against Defendant Cousins, the court will not allow him another attempt.  As such, the claims brought against Defendant Cousins are dismissed with prejudice.

### B. Plaintiff's Motions to Appoint Counsel Will Be Denied.

Plaintiff has filed two motions for the appointment of counsel.  (Docs. 56, 61.)  Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is a

privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d

187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

However, representation by counsel may be appropriate under certain

circumstances after a finding that the plaintiff's case has arguable merit in fact and

law.  *Tabron*, 6 F.3d at 155.  If the court finds that the plaintiff has crossed this

threshold inquiry, the court should consider the following factors in deciding

whether to request a lawyer to represent an indigent plaintiff:

    (1)    the plaintiff's ability to present his or her own case;
    (2)    the complexity of the legal issues;
    (3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
    (4)    the plaintiff's ability to retain counsel on his or her own behalf;
    (5)    the extent to which a case is likely to turn on credibility determinations, and;
    (6)    whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single

factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)

(citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these

factors serve as guideposts for the district courts to ensure that the precious

commodity of volunteer attorney time is not "wasted on frivolous cases."  (*Id.*)

     Here, Plaintiff has not made a threshold showing that his case has arguable

merit in fact and law.  The amended complaint raised claims against Defendant

Cousins that did not survive her Fed. R. Civ. P. 12(b)(6) challenge.  *See supra*.

Defendants Kauffman and Neri waived their opportunity to reply to the amended complaint, but raised the affirmative defense that the amended complaint fails to state a claim or cause of action upon which relief can be granted.  (Doc. 48.)  Thus, appointment of counsel is not warranted at this time.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

### C. The Motions that are not Accompanied by Briefs in Support Will be Deemed Withdrawn.

On June 15, 2023, the court received Plaintiff's motion for discovery and motion to serve the defendants with interrogatories.  (Docs, 63, 64.)  Defendant Cousins filed a motion to stay discovery on June 20, 2023.  (Doc. 65.)  None of these motions were supported by a brief in support.

Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."[2]  Therefore, the three pending motions will be deemed withdrawn.

---

[2] Motions for appointment of counsel do not require a brief in support.  Local Rule 7.5.

## CONCLUSION

For the above stated reasons, Defendant Cousins' motion to dismiss will be granted, all claims raised against Defendant Cousins will be dismissed with prejudice, and Defendant Cousins will be terminated as a party in this action. Plaintiff's motions for appointment of counsel will be denied without prejudice. Plaintiff's motions for discovery and motion for leave to serve the Defendants with interrogatories will be deemed withdrawn. Defendant Cousins' motion to stay discovery will be deemed withdrawn.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 2, 2023